taxes and rent, he does not think the property had any salable value. Considering all the evidence bearing upon the circumstances of the judgment debtor, the character, value and situation of his property and the incumbrances upon the same, it is by no means clear that any part of the complainants' judgment could have been realized by ordinary proceedings upon the execution.

The testimony taken as to property possessed by the defendant, tends to the conclusion that there is slight basis, if any, so far as property is concerned, for a creditor's bill. The plea will be overruled as a plea, and as it presents the only issue in the case which the .defendants seek to raise, it may stand as an answer to the bill, with the right to the parties of bringing forward all the merits of the case.

---

BASSETT, (UNITED STATES v.)  See Cases Nos. 14,538 and 14,539.

---

## Case No. 1,096.

### BASSILL v. JEFFERSONVILLE.

[The case reported under this title in 3 Wkly. Law Gaz. 279, is the same as Case No. 1,449.]

---

## Case No. 1,097.

### BASTABLE v. WILSON.

[1 Cranch, C. C. 124.][1]

Circuit Court, District of Columbia. June Term, 1803.

PLEADING—ACTION ON JUDGMENT.

1. After not guilty and issue, to an action of debt upon a judgment in Virginia, suggesting a devastavit, the court will not suffer the defendant to plead nul tiel record, without showing sufficient cause why it was not pleaded before.

2. Nil debet is no plea to an action of debt on a judgment of another state.

At law. Debt [by Bastable against Wilson's administrator] upon a judgment of the Dumfries district court suggesting a devastavit; plea, not guilty and issue. ·Defendant moves now, when the cause is called for trial, to put in the plea of nul tiel record, without showing why he had not pleaded it before, or that it was now necessary for the justice of the cause.

Motion overruled by THE COURT.

The defendant then offered the plea of nil debet—refused without argument. Judgment confessed saving equity.

---

BASTABLE, (WILSON v.)  See Cases Nos. 17,788 and 17,789.

BASYE, (VEITCH v.)  See Case No. 16,909.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

---

## Case No. 1,098.

### In re BATCHELDER.

[1 Lowell, 373;[1] 3 N. B. R. 150, (Quarto, 37.)]

District Court, D. Massachusetts. July Term, 1869.

BANKRUPTCY—TRANSFER BY INSOLVENT —PREFERENCE — ASSIGNMENT UNDER DURESS — PROPER BOOKS OF ACCOUNT.

1. Where a trader transferred his whole stock and book accounts to one creditor, about three weeks before filing his petition, and had no other property, but owed many debts; *held*, a preference unless explained.

[Cited in Re Seeley, Case No. 12,628.]

2. It is no valid excuse for such an assignment, that it was made under threat of legal process.

[Cited in Strain v. Gourdin, Case No. 13,-521.]

[See Rison v. Knapp, Case No. 11,861; Traders' Bank v. Campbell, 14 Wall. (81 U. S.) 87; Clarion Bank v. Jones, 21 Wall. (88 U. S.) 325; In re Jackson Iron Manuf'g Co., Case No. 7,153.]

3. If the necessary effect of an act is to prefer one creditor, the intent to prefer is presumed, though other motives may have co-operated to induce the act.

[4. The discharge of a bankrupt trader should not be refused for failure to keep proper books of account, when the books themselves are not produced, and parol statements regarding them are vague and inconclusive. The evidence as to the improper conditions of the books, and their bearing on the debtor's business, should be complete.]

[Cited in Re Frey, 9 Fed. 380.]

In bankruptcy. The examination of the bankrupt [Charles W. Batchelder] disclosed that about three weeks before he filed his petition, he assigned and transferred his whole stock in trade and book accounts to his father, in satisfaction of a pre-existing debt. He had no other estate or property, excepting such as is exempted from the operation of the bankrupt law, and he owed a considerable amount of debts, and was in fact insolvent. It appeared that his father came to his place of business with a sheriff's officer, and threatened to attach his stock and break up his business unless he made the conveyance, and it was under this pressure that the assignment was made. [Discharge refused.]

J. L. Colby, for opposing creditors.

W. H. Towne, for bankrupt.

LOWELL, District Judge. It is argued that this act was not a preference, because it was not voluntary. I have considered this question more than once, and am fully satisfied with my former decisions, that under the bankrupt act such a payment does not lose its character of a preference by being made under pressure. The English courts worked out the doctrine of preference from a consideration of the equities of the subject-matter. The word itself was not found in their stat-

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]